UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN P. HILL Sr., #223781                    No. 08-13852

    Plaintiff,                    District Judge George Caram Steeh

v.                                              Magistrate Judge R. Steven Whalen

K. GREEN, et al,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before this Court is Defendants Michael Denise, Matthew Dunaj, Keith Green, Connie Ignasiak and James Van Acker's February 25, 2009 *Motion for Summary Judgment* pursuant to Fed. R. Civ. P 12(b)(6) and 56(b) [Docket #17], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend the following:

    1). that the motion be DENIED as to Plaintiff's Eighth Amendment claim against Defendants in their personal capacities.

    2). that the motion be GRANTED as to the official capacity claims.

    3). that the motion be GRANTED as to Plaintiff's claim of retaliatory job termination, based on his failure to exhaust his administrative remedies, dismissing this claim WITHOUT PREJUDICE.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate currently housed at the Ernest C. Brooks Correctional Facility, filed a civil rights claim pursuant to 42 U.S.C. §1983 on September 8, 2008, alleging violations of his Eighth and Fourteenth Amendment rights while housed at the Gus Harrison Correctional Facility ("ARF")[1].

### A. The Eight Amendment Claim

Plaintiff, proceeding *pro se,* alleges that at the time of his December, 2006 assignment to a food services position at ARF, he advised Defendants Green and Ignsiak, supervising staff members, that he had not received formal training in using the kitchen's industrial sized food slicer ("Hobart mixer ").[2] *Complaint* at pg. 9 of 16. Prior to his request for training, Plaintiff alleges that another prisoner who had recently "sliced his fingers on the machine" had told him that "there may have been a mis-functioning error in the on/off switch." *Id.* Plaintiff alleges that he later voiced the same concerns to Defendant VanAcker, also a food service supervisor, who told Plaintiff "to work the machine or receive a misconduct report." *Id.*

---

[1]The pleadings of a *pro se* litigant are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). The Complaint, alleging that Defendants were deliberately indifferent to his well-being, is construed as an a claim of Eighth Amendment violations.

[2]The Complaint's allegations total six sentences. *Complaint* at 6. The factual background is drawn from both the Complaint itself and Plaintiff's February 25, 2007 Step One grievance which describes the events in greater detail. *Id.* at 9, Grievance Identifier MRF 2007-03-02340-02f.

Plaintiff alleges that as a result of the threat, he complied, but raised his concerns again on February 21, 2007. *Id.* He alleges that VanAcker again ordered him to "either . . . get to work or I'll find someone to take your place." Plaintiff claims that VanAcker then ordered another prisoner (Lutes) to help Plaintiff operate the machine. *Id.* Plaintiff alleges next that "after I finished using the mixer machine[,] prisoner Lutes turned the machine off," and "after wait[ing] several minutes after the motor stopped running," Plaintiff "started to clean the machine as ordered . . . by VanAcker." *Id.* Unaware that "the blade inside was still running," he alleges that upon reaching inside the machine, the second and third fingers of his right hand were severed by the machine. *Id.* Plaintiff was immediately transported to a nearby hospital for emergency treatment. *Id.*

Plaintiff alleges that VanAcker "was aware" that the machine "had a mechanical flaw based upon the fact that the prisoner whom he had delegated to train [Plaintiff] had in fact sliced his finger based upon the malfu[n]ctioning and shortage in the on/off switch on the machine." *Id.* Plaintiff alleges that prior to his own accident, Defendants Green, VanAcker, and Denise informed him repeatedly that if he refused to operate the machine, he would receive a major misconduct ticket, be terminated from his position, and/or "receive a negative work report that could result in denial of parole for refusal to work." *Id.* Plaintiff claims that he "followed these orders under extreme duress." *Id.* He alleges that he was never given an instruction manual or any formal or informal training on the machine. *Id.* Plaintiff also claims that "no warning sign was ever posted near or on the machine . . . describing any dangers associated with its operations." *Id.*

**B. Retaliation**

Plaintiff alleges that the day following his injury, Defendant Green promised Plaintiff that if he signed an "agreement," Green "would see to it" that Plaintiff would receive a "less strenuous job." *Id.* Plaintiff claims that he informed Green that he intended to file a grievance. *Id.* On February 25, 2007, Plaintiff filed a grievance, alleging that Defendants Green, Vanacker, Ignasiak, Denise, and Dunja were deliberately indifferent to his health and safety. *Id.* Plaintiff alleges that when his medical leave ended in May, 2007, he was terminated from the food services position in retaliation for filing the February 25, 2007 grievance against Defendants. *Id.* at 6. Plaintiff requests monetary damages for his injury and the loss of income. *Id.*

### III. STANDARD OF REVIEW

**A.    42 U.S.C. §1997e(a)**

A dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

Nevertheless, whether categorized as a 12(b)(6) motion or otherwise, the underlying question in this motion is whether the Defendants have carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies. If they have, then the unexhausted claims must be dismissed without prejudice.

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit

cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

**B. Fed. R. Civ. P. 12(b)(6)**

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[3] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

---

[3] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, 570, 1974.

In *Ashcroft v. Iqbal*, _U.S._, 129 S.Ct. 1937,_L.Ed.2d_ (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[4] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555, 127 S.Ct. at 1964-65. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (internal citations omitted).

### C. Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

---

[4] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity

for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## IV. ANALYSIS

### A. Exhaustion

Defendants argue first that Plaintiff failed to exhaust both his Eight Amendment and retaliation claims. *Defendants' Brief* at 6. While Defendants acknowledge that Grievance Identifier MRF 2007-03-02340-02f was taken to Step Three of MDOC's grievance procedure as required before filing suit, they assert that Plaintiff's failure to exhaust his retaliatory job termination claim mandates dismissal of the entire action. *Id.*

First, Defendants' contention that Plaintiff's failure exhaust the retaliation claim also requires the dismissal of the Eight Amendment allegations, known as the "total exhaustion rule," has been rejected by the Supreme Court. *Grinter v. Knight,* 532 F.3d 567, 578, fn 8 (6th Cir. 2008)(*citing Jones v. Bock, supra,* 549 U.S. 199, 210-224, 127 S.Ct. at 918-26). As discussed, *infra,* Plaintiff's failure to exhaust his retaliation claim is not fatal to his properly exhausted Eight Amendment claim.

#### 1. Grievance Identifier MRF 2007-03-02340-02f (Eighth Amendment Claim)

Current MDOC policy states that the "[d]ates, times, places and names of all those involved in the issue being grieved are to be included" in the original grievance. MDOC Policy Directive 03.02.130 ¶T (Effective December 19, 2003). Plaintiff's Step One complaint to Grievance Identifier MRF 2007-03-02340-02f, describing the events

culminating in his February 21, 2007 injury, names all of present Defendants, the date and nature of his injury, and Defendants alleged insistence that he operate the mixer despite their knowledge that another prisoner had recently sustained finger injuries. *Complaint* at pg. 9 of 16. Further, an affidavit by James Armstrong, Manager of the Grievance and Appeals Section of the MDOC states that Plaintiff pursued Grievance Identifier MRF 2007-03-02340-02f to Step Three of the grievance procedure, thereby exhausting his administrative remedies as to these claims. *Docket #17,* Exhibit 4 at ¶16.

### 2. Plaintiff's May 28, 2007 Grievance[5] (Retaliation Claim)

Plaintiff submitted a Step One grievance on May 26, 2007 alleging that Defendant Green told Plaintiff that he was being terminated from his food service position in retaliation for filing the February 25, 2007 grievance. *Complaint* at pg. 12 of 16. Plaintiff alleges that the termination was both retaliatory and discriminatory, arguing that other prisoners had not received job transfers in the same circumstances. Plaintiff's response to the present motion states that he "has voluntarily dismissed that claim only in the context of the unexhausted grievance that was filed," apparently conceding that the May 28, 2007 Step One grievance was not pursued through Step Three.[6] *Response, Docket #19,* pg. 5 of 14. As such,

---

[5]The Grievance Identifier number is unreadable.

[6]

Plaintiff's response, while conceding that the second grievance was not exhausted, now argues that the original grievance can be read to include allegations of retaliation, noting that that "the original grievance states . . that . . . Defendant Green threatened to have Plaintiff transferred [if he refused to operate the mixer] remains intact." *Plaintiff's Response, Docket #19* at 4. Plaintiff appears to argue that his administratively exhausted account of the events leading up to his accident encompass both an Eight Amendment *and* retaliation

-10-

Plaintiff's claim of a retaliatory transfer should be dismissed without prejudice. *Jones v. Bock, supra,* 549 U.S. at 219-220, 127 S.Ct. at 918-19, 166 L.Ed.2d 798 (2007).

### B.  Claims Against Defendants in Their Official Capacities

Defendants argue next that claims against them are barred by the Eleventh Amendment. *Defendants' Brief* at 6-7. They are partially correct. Because Plaintiff requests monetary damages but not injunctive relief, Defendants should be dismissed in their *official* capacities. Monetary claims (unlike requests for purely injunctive relief against §1983 defendants in their official capacities) *i.e,* in their capacity as agents of the state under 42 U.S.C. § 1983, are subject to dismissal on the basis of the immunity granted by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 2309-10, 105 L.Ed.2d 45 (1989).

### C.  Qualified Immunity

Defendants argue briefly that they are entitled to dismissal of the individual capacity claims on the basis of qualified immunity. *Defendants' Brief* at 7-8.

"Under the doctrine of qualified immunity, 'government officials performing

---

claim. Step One of Grievance Identifier MRF 2007-03-02340-02f includes the allegation that Defendants threatened him with a transfer if he did not operate the Hobart Mixer. *Complaint* at pg. 9 of 16. However, while this allegation supports his Eight Amendment claims, *i.e.*, Defendants were deliberately indifferent to his safety and that Plaintiff operated the machine under duress, Plaintiff does not allege an "adverse action" was taken in retaliation for the assertion of his constitutional rights, nor does he even use the word "retaliation" in the first grievance. Accordingly, the exhausted grievance cannot be construed to include a retaliation claim. *See Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).

discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). There are generally two inquiries in a qualified immunity analysis: (1) did the defendant violate a constitutional right, and (2) was the right clearly established to the extent that a reasonable person in the defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).[7]

Defendants argue that the retaliation claim found in Plaintiff's May 28, 2007 grievance is "wholly conclusory." *Defendants" Brief* at 8. For the reasons set forth in section **A. 2.** of the analysis, *supra,* Plaintiff's conceded failure to exhaust his retaliation claim requires its dismissal without prejudice. As such, the Court declines to consider the merits of the retaliation claim. "A prisoner's failure to comply with the PLRA's exhaustion requirement deprives a district court of the ability to address the merits of his claims." *Johnson v. County of Wayne,* 2008 WL 4279359, at *3 (E.D.Mich. 2008)(Steeh, J.)(*citing Jones v. Bock, supra,* 549 U.S. at 219-220, 127 S.Ct. at 918-19, 166 L.Ed.2d 798 (2007)).

However, somewhat confusingly, Defendants' qualified immunity argument omits all

---

[7]

More recently "the Supreme Court reconsidered the sequential inquiry set forth in *Saucier*, "concluding that, 'while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory.'" *Moldowan v. City of Warren*, — F. 3d — 2009 WL 2176640, at *13 (6th Cir. 2009)(*citing Pearson v. Callahan*, --- U.S. ----, 129 S.Ct. 808 (2009)).

mention of the exhausted Eighth Amendment claims found in Grievance Identifier MRF 2007-03-02340-02f. Although Defendants' filed a "summary judgment motion," the brief fails to include the applicable standard of review. Further, Defendants' motion is unaccompanied by affidavits by Defendants or other evidence supporting the argument that they are entitled to judgment as a matter of law on the Eight Amendment claims. As such, Plaintiff's Eighth Amendment claims, unchallenged on their merits in the present motion should not be dismissed.[8]

## IV. CONCLUSION

---

[8] However, Defendants' reply, entitled "*Defendants' Response to Plaintiff's Answer Opposing Defendants' Motion for Summary Judgment*," addresses the Eight Amendment claims for the first time, including affidavits by Defendants VanAcker and Green, and a picture of a warning sign affixed to Hobart Mixer in question. *Reply, Docket #20,* Exhibits 6, 7, 9.

The Court cannot consider issues raised for the first time in a reply brief. *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.,* 436 F.3d 662, 676 (6th Cir.2006) (a district court properly declines to consider an issue raised for the first time in a reply brief)(*citing Sundberg v. Keller Ladder,* 189 F.Supp.2d 671, 682-83 (E.D.Mich.2002) (noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time")(citation omitted))."

Defendants attempt to skirt this rule by arguing that Plaintiff did not raise the Eight Amendment claim until filing his response to their summary judgment motion. *Reply* at 1 (citing *Plaintiff's Response, Docket #19).* This argument is without merit. Contrary to this assertion, Plaintiff stated at Step One of Grievance Identifier MRF 2007-03-02340-02f (attached to the Complaint) that in the events leading up to the amputation of his fingers, Defendants demonstrated "deliberate indifference" to his "health and safety." *Complaint* at 9. Moreover, the Complaint proper, alleging that the injury was the result of MDOC staff Defendants "forc[ing]" him to operate the machine despite his lack of training, by itself states an Eighth Amendment claim. *Id.* at 6.

For these reasons, I recommend the following:

1). that the motion be DENIED as to Plaintiff's Eighth Amendment claim against Defendants in their personal capacities.

2). that the motion be GRANTED as to the official capacity claims, dismissing those claims against Defendants in their official capacities.

3). that the motion be GRANTED as to Plaintiff's claim of retaliatory job termination, based on his failure to exhaust his administrative remedies, dismissing this claim WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated:  August 4, 2009