UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN P. HILL, Sr., #223781,

                         Plaintiff,                  Case No. 08-cv-13852

v.                                           Hon. George Caram Steeh

K. GREEN, et al.,

                         Defendants.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (#30) AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#26)

On September 8, 2008, plaintiff Steven Hill, Sr., a Michigan prisoner appearing *pro se* filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Hill claims Eighth and Fourteenth Amendment violations that resulted when prison employees forced him to use an industrial food mixer without proper training. The accident severed several of Hill's finger tips. Hill now holds the defendants liable for this accident for two reasons. Hill claims the defendants were deliberately indifferent to his protests that he was not properly trained to use the machine and to his fears that the machine was dangerous because there were previous accidents involving the machine. All pretrial matters were referred to Magistrate Judge R. Steven Whalen.

On February 25, 2009 the defendants filed an initial motion for summary judgment (Docket #17). On August 4, 2009, the Magistrate Judge Whalen issued his Report and Recommendation, recommending to the court the following:

(1) Deny the motion as it pertained to plaintiff's Eighth Amendment claims against defendants in their personal capacities;

(2) Grant the motion dismissing plaintiff's claims against the defendants in their official capacities;
(3) Grant the motion dismissing plaintiff's claims of retaliatory job termination without prejudice.

See Docket #25. Having received no objections, the court accepted the August 4, 2009 Report and Recommendation as its own and issued an order consistent with the analysis set forth by the Magistrate Judge (Docket #27).

Defendants then filed a second motion for summary judgment on August 13, 2009, addressing plaintiff's claims against them in their individual capacities (Docket #26). On January 25, 2010, Magistrate Judge Whalen issued a Report and Recommendation recommending that defendants' motion be granted for three reasons: (1) Hill failed to develop a factual basis for Eighth Amendment allegations against defendants Michael Denise, Matthew Dunaj, Keith Green, and Connie Ignasiak; (2) Hill failed to develop allegations to support his claim that defendant James Van Acker perceived and ignored the risk to Hill's well-being; and (3) defendants are also entitled to qualified immunity because Hill failed to state any constitutional violations. Magistrate Judge Whalen recommends that Hill's claims be dismissed in their entirety (Docket #30). Hill filed timely objections to the Report and Recommendation (Docket #31).

## **Factual Background**[1]

_____

[1] Hill also claims that the record is incorrect in several aspects. First, he informs the court that he is currently housed in the DRE-EAST Correctional Facility in Carson City, Michigan. There is some confusion on this point since the Michigan Department of Corrections' website states that he is currently housed in the Macomb Correctional Facility in New Haven, Michigan. Second, Hill claims the Magistrate Judge incorrectly states that the accident took place at the Gus Harrison Correctional Facility in Adrian, Michigan. Instead, Hill alleges the accident occurred at the Macomb Correctional Facility. If this is true, Hill has only himself to blame as his complaint states that the accident occurred at the Gus Harrison facility. In any event, neither point significantly affects the judgment of this court in evaluating Magistrate

In December 2006, Hill was housed at the Gus Harrison Correctional Facility. As part of his rehabilitation, Hill worked in the prison's kitchen. These kitchen duties included using the kitchen's industrial food slicer, also known as a Hobart mixer (the "mixer"). Hill clearly expressed his apprehensions about this machine. He warned the defendants that he needed "hands on" training on the mixer. Apparently, another inmate warned Hill that the mixer's on/off switch did not function correctly. Despite his concerns, Hill claims Van Acker ordered him to operate the mixer or he would face disciplinary action.

On February 21,2007, Van Acker again confronted Hill, ordering him to "either . . . get to work or I'll find someone to take your place." Van Acker told another prisoner to assist Hill and show him how to use the mixer. Hill claims that after he and the prisoner finished their work on the mixer, the prisoner turned the it off. Several minutes later, Hill says two of his fingers were severed when he tried to clean the mixer.

## Standard of Review

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). <u>See also</u> E.D. Mich. LR 72.1(d)(2). Issues raised on objection in a perfunctory manner are deemed waived. <u>McPherson v. Kelsey</u>, 125 F.3d 989, 995-96 (6th Cir. 1997). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

Judge Whalen's Report and Recommendation.

magistrate." *Id.*

## Analysis

### A.    Hill's Factual Objections

Hill claims that Magistrate Judge Whalen failed to consider several facts: (1) defendants Denise, Dunaj, Green and "Ignasia" each had prior knowledge that the mixer was defective; (2) Van Acker falsely assured Hill that rubber dishwashing gloves would protect Hill "if something is to happen"; and (3) Green did not give Hill access to "special mesh gloves"  that may have lessened the severity of Hill's accident.[2]

Hill fails to present a meaningful challenge to Magistrate Judge Whalen's analysis and recommendations.  Nothing in the record indicates that Denise, Dunaj, Ignasiak or Green ordered Hill to use the Hobart mixer the day he was injured. Eighth Amendment claims require allegations that prison officials unnecessarily and wantonly inflicted pain on the plaintiff.  Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987) (per curiam) (*quoting* Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). There is not a causal connection between Hill's accident and the actions of these defendants.  The defendants' actions and statements prior to February 21 did not cause his injuries, nor did they force him to use the Hobart mixer on the day of the accident.  Hill's objections concerning them is baseless.

 Hill's claims concerning gloves are irrelevant as well and do not impact the Magistrate Judge's findings.  Initially, the court notes this is the first time there has

been any mention of gloves.  The record reflects that Hill's complaint and grievances center on the amount of training he received on the mixer and accidents that previously occurred.  Since these gloves are not part of the record, Hill has no basis for raising them as a factual issue at this stage in his litigation.

Even if the court were to include these facts in its analysis, Hill's allegations do not state a cognizable Eighth Amendment claim.  In order for a prisoner to establish an Eighth Amendment violation under 42 U.S.C. § 1983, the alleged wrongdoing must establish that prison officials maliciously and sadistically used force to cause him harm, and that the prison official knowingly disregarded the excessive risk to the prisoner's physical well being.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

The court agrees with Magistrate Judge Whalen's finding that the allegations fail to assert the defendants, including Van Acker, ever ordered Hill to use the mixer in a fashion that would have been an open and obvious danger to Hill's safety.  Also noticeably lacking in Hill's complaint and objections is any indication that the defendants perceived a risk or danger to Hill's health.  Hill vaguely states that the Hobart mixer was dangerous, but there is no indication that the machine malfunctioned on the day of the accident or at anytime in the months preceding the accident.  Finally, Hill acknowledges that Van Acker instructed another inmate to show Hill how to use the Hobart mixer.  This negates Hill's concerns that Van Acker ignored his requests for more training.  At best, Hill alleges mere negligence by the defendants, a claim that is insufficient to support claims of Eighth Amendment violations.  See Farmer, 511 U.S. at 837.  Hill's objections are without merit.

**B,     August 4, 2009 Report and Recommendation**

On August 4, 2009 Magistrate Judge Whalen issued a Report and Recommendation addressing defendants' initial motion for summary judgment. No objections were filed. On August 25, 2009, this court accepted the August 4, 2009 Report and Recommendation as its own and issued an order consistent with Magistrate Judge Whalen's analysis. Hill now asks the court to forward him the August 4, 2009 Report and Recommendations and "halt proceedings" so he can have a second opportunity to file objections.

It is plaintiff's responsibility to keep this court informed on where he is imprisoned. Until this recent response, the court was unaware that Hill had been moved, as he claims, to the correctional facility in Carson City, Michigan. Thus, any confusion regarding the mailing of the August 4, 2009 Report and Recommendation was caused by plaintiff himself. In any event, the court will attach a copy of the August 4, 2009 Report and Recommendation to this Opinion and Order. Plaintiff may, if he thinks it is warranted, file a Motion for Reconsideration of the court's August 25, 2009 Order accepting the August 4, 2009 Report and Recommendation. The motion should also  include plaintiff's objections and shall be filed within ten days of receipt of this order.[3]

### Conclusion

Having reviewed the record and the Report and Recommendation, the court ACCEPTS the January 25, 2010 Report and Recommendation as its own.

---

[3]The court notes that it also reviewed plaintiff's "Clarification of Administrative Remedies".

Accordingly,

IT IS ORDERED that the Magistrate Judge's January 25, 2010 Report and Recommendation that plaintiff's claims be dismissed with prejudice is hereby ACCEPTED as the findings and conclusions of this court.

IT IS FURTHER ORDERED that the defendants' August 13, 2009 motion for summary judgment is hereby GRANTED. Plaintiff's claims are hereby DISMISSED with prejudice in their entirety.

IT IS FURTHER ORDERED that plaintiff's request for court appointed counsel is DENIED.

SO ORDERED.

Dated: March 9, 2010

S/George Caram Steeh

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 9, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk